IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WAYNE WILLIAMS, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. 1:13-cv-3521-CAP |
| Plaintiff, | ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| PROTECT SECURITY, LLC. | ) ) | COLLECTIVE CERTIFICATION |
| Defendant. | ) ) | SOUGHT |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Wayne Williams ("Plaintiff" or "Williams"), on behalf of himself and all others similarly situated, and files this lawsuit against Defendant Protect Security, LLC ("Defendant" or "Protect Security"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Protect Security, LLC is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff has been employed by Defendant since September 2008.

7.

During the last three years, Plaintiff has been an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the last three years, Plaintiff has been employed by Defendant as a non-exempt security officer performing security services at apartment complexes.

9.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation.

12.

During the last three years, Defendant maintained a policy of misclassifying Plaintiff and those similarly situated to him as "independent contractors."

13.

During the last three years, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

14.

During the last three years, Plaintiff had absolutely no opportunity for profit and loss in his employment with Defendant, as he was paid an hourly wage for work performed and he did not perform any managerial tasks.

15.

During the last three years, Defendant required Plaintiff to wear a company uniform.

16.

The labor involved in Plaintiff performing the job of an unarmed security officer at apartment complexes does not require specialized skill.

17.

During the last three years of his employment with Defendant, Plaintiff has been economically dependent on Defendant.

18.

During the last three years, while employed by Defendant as a security officer, Plaintiff worked in excess of (40) hours in a number of workweeks.

19.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

20.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

21.

During the last three years, Plaintiff was paid an hourly rate for all hours worked, without overtime compensation calculated at one and one-times his regular rate of pay for hours he worked in excess of (40) hours in given workweeks.

### IV.   Collective Action Allegations

22.

Plaintiff brings Count I of this Complaint on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who, at any time during the last three years, have been employed by Defendant as "security officers," and whose primary duty includes providing security services.

23.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given work weeks while performing the duties of security officers.

24.

During the last three years, Defendant was aware that Plaintiff and the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

25.

During the last three years, Defendant maintained a policy of misclassifying Plaintiff and members of the Collective Class as "independent contractors," and failed to pay them overtime compensation, calculated at one and one-half times their regular rate of pay for hours they worked in excess of (40) in given workweeks.

26.

During the last three years, the primary duty of Plaintiff and the Collective Class was the performance of non-exempt work, specifically security services.

27.

During the last three years, Defendant paid Plaintiff and the Collective Class on an hourly basis, and failed to pay the employees overtime compensation, calculated at one and one-half times their regular rate of pay, for hours worked in excess of (40) in given workweeks.

28.

During the last three years, while being paid on an hourly basis, Plaintiff and the Collective Class regularly worked in excess of 40 hours in given work weeks, without receiving overtime compensation, calculated at one and one-half times their regular rate, for hours worked in excess of 40 hours in such weeks.

29.

Plaintiff and the Collective Class are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

30.

During the last three years, Plaintiff's and the Collective Class' job duties and the performance of their duties, along with their hours worked were controlled by Defendant.

31.

During the last three years, Plaintiff and the Collective Class had absolutely no opportunity for profit and loss in their employment with Defendant, as they were paid an hourly wage for work performed.

32.

During the last three years, Defendant required Plaintiff and the Collective Class to wear a company uniform.

33.

The labor involved in Plaintiff's and the Collective Class' providing security services for Defendant does not require specialized skill.

## **Count I**

## **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and the Collective Class)**

34.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

35.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

36.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

37.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

38.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

39.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

40.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to

determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

41.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant misclassifying Plaintiff and the Collective Class as "independent contractors" and failing to pay them overtime compensation calculated at one and one-half times their regular rate for hours worked in excess of (40) in given workweeks.

42.

Defendant's violations of the FLSA were willful and in bad faith.

43.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)   Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E)   Grant Plaintiff leave to add additional state law claims if necessary; and

(F)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 24th day of October, 2013.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586

V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiff Wayne Williams

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile